# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE B. PIERCE, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| vs. | : | NO. 15-2404 |
| | : | |
| TAMMY FERGUSON, et al., | : | |
| Respondents | : | |

## M E M O R A N D U M

STENGEL, J.                                                                        February 28, 2018

      Kyle B. Pierce moves *pro se* for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. He seeks relief from my Order dated November 12, 2015, which approved and adopted the Report and Recommendation of United States Magistrate Judge Richard A. Lloret. Judge Lloret recommended dismissing Mr. Pierce's petition for writ of *habeas corpus* as untimely. See Pierce v. Ferguson, No. 15-2404, 2015 U.S. Dist. LEXIS 154324 (E.D. Pa. November 12, 2015) (adopting Report and Recommendation that petition be dismissed as untimely). Mr. Pierce filed untimely Objections to Judge Lloret's Report and Recommendation almost two months after I approved and adopted it. Mr. Pierce did not file an appeal of that decision. For the following reasons, I will deny the motion for relief from judgment.

## I. BACKGROUND[1]

      Mr. Pierce is a prisoner at State Correctional Institution-Benner at Bellefonte, Pennsylvania. On April 20, 2002, he was involved in the armed robbery of the Sports

---

[1] The procedural history is drawn largely from Judge Lloret's Report and Recommendation.

Page Bar in Allentown, Pennsylvania, which resulted in the death of one bar patron, and a life-threatening injury to a second patron. On June 29, 2004, he pleaded guilty to third degree murder, robbery, attempted criminal homicide, reckless endangerment, and criminal conspiracy.

On July 28, 2005, Mr. Pierce was sentenced to twenty to forty years' imprisonment on both the third degree murder and attempted criminal homicide charges; six years and three months' to twenty years' imprisonment on the robbery charge; four months' to two years' imprisonment on the reckless endangerment charge, and five years and three months to twenty years on the criminal conspiracy charge. All sentences were to run concurrent to each other.

Because Mr. Pierce did not file a direct appeal, his conviction became final on August 27, 2005. He timely filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA") on August 1, 2006. The filing of the PCRA petition tolled the AEDPA limitations period during the time that the PCRA petition was appropriately filed. On November 21, 2007, Mr. Pierce's first PCRA petition was denied. In its decision, the PCRA Court quoted the First Assistant District Attorney's recitation of the facts of this case as follows:

> A group of five individuals, which included Kyle Pierce, entered – four of the five individuals entered the Sports Page Bar for the purpose of committing a robbery. Jeremy Fontanez and Kyle Pierce entered through the front door. It was Kyle Pierce who locked the front door. The two others, Ronald Mapp and Samir Aaron, tried to gain entry through a side door and were blocked by patrons. It was Jeremy Fontanez that had a .380 handgun. Several of the bar patrons tried to resist the robbery

> attempt. Kyle Pierce did not participate in the struggle with the patrons. And during the struggle, Jeremy Fontanez shot Shawn Arnold first. Once in the chest causing life threatening injuries. And shot Shawn Fogerty three times, which caused his death.

Commonwealth v. Pierce, No. CR-2481-2003, at 3-4 (C.C.P. Lehigh County, Nov. 21, 2007) (PCRA Op.). He did not appeal the denial of his PCRA petition to the Pennsylvania Superior Court. Accordingly, the AEDPA limitations period again began to run. Mr. Pierce had twenty-six days, until January 16, 2008, within which to file a timely federal *habeas* petition.

Mr. Pierce filed his federal *habeas* petition on September 15, 2015, seven and one half years after the AEDPA limitations period had run. Judge Lloret filed a thorough Report and Recommendation finding that the petition was untimely and that equitable tolling of the limitations period was inappropriate because there was nothing "extraordinary" about this case, and nothing to suggest that Mr. Pierce had been particularly diligent in the pursuit of his rights, or any evidence that an extraordinary circumstance stood in his way to prevent timely filing.

Judge Lloret also found that the record had revealed that Mr. Pierce was simultaneously facing state and federal charges with regard to a string of armed robberies in which he and several co-conspirators were involved. According to the record, Mr. Pierce initially agreed to plead guilty and cooperate in the federal case and then "got on the witness stand [in the state case] and lied in an effort to . . . escape culpability." N.T. 7/28/04, Tr. at 19. When Mr. Pierce testified at that pre-trial suppression hearing, his testimony was rejected by the court as "not believable." Commonwealth v. Pierce, No.

3

2003/2481, Mem. Op. at 2 (C.C.P. Lehigh County, April 16, 2004) (denying motion to suppress). Upon appeal of the dismissal of Mr. Pierce's second PCRA petition, the Superior Court noted the purported guilt and remorse that Mr. Pierce expressed at his guilty plea and sentencing hearings, and then observed that "the District Attorney pointed out the appellant's true colors, including how the appellant committed another robbery after this murder." Commonwealth v. Pierce, No. 101 EDA 2015, at 3 (Pa. Super. 3/3/15).

## II. STANDARD FOR RULE 60(b) MOTIONS

Rule 60(b) provides that the court may relieve a party or a party's legal representative from a final judgment, Order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The rule also indicates that "the motion shall be made within a reasonable time," and for the first three subsections, not more than one year after the judgment, Order, or proceeding was entered or taken. Here, Mr. Pierce claims relief pursuant to subsection (6) of the Rule.

4

In evaluating a Rule 60(b) motion, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's limits on successive petitions apply. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). A Rule 60(b) motion shall be treated as a successive *habeas* petition if it is "in substance a *habeas corpus* application." Id. at 531. If the motion is construed as a second or successive *habeas* petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007). In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually *habeas* claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). Id.; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive *habeas* petition"); see also United States v. Edwards, 309 F.3d 110, 113 (3d Cir. 2002) (motion under Fed. R. Civ. P. 60(b) to reconsider a § 2255 petition should be treated as an unauthorized successive § 2255 petition).

In those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier *habeas* judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. Pridgen, 380 F.3d at 727. As further held by the Third Circuit, this principle is consonant with Congress's goal of restricting the availability of relief to *habeas* petitioners. Id.

## III. DISCUSSION

Before looking at the merits of Mr. Pierce's motion, it must first be determined whether the motion is, in essence, a second or successive petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although couched in language characterizing his requested relief as properly available under Rule 60(b)(6), Mr. Pierce does not raise any challenge under Rule 60(b) to the ruling in his previous *habeas* petition under one of the bases addressed by the rule such as mistake, newly discovered evidence, or fraud. Rather, he attempts to challenge the manner in which the investigation was conducted following the robbery of the bar and the murder of one of its patrons. Specifically, Mr. Pierce discusses in great deal a theory that the police had fraudulently manufactured a blood trail and claimed that the trail was left by the dying man as he departed the bar and staggered to his death a block or so away. This theorizing and discussion support a finding that Mr. Pierce is really seeking to collaterally attack his underlying conviction. Accordingly, the motion should be treated as a successive *habeas* petition.

Moreover, Mr. Pierce has not demonstrated that there was fraud or any other defect in the integrity of the *habeas corpus* proceedings in this court as is required. I also note that Mr. Pierce has not demonstrated extraordinary circumstances or any other grounds for vacating the determination of his petition for *habeas corpus* relief. This motion, under the guise of a Rule 60(b) motion, is actually a successive *habeas* petition, which may not be filed absent the approval of the Court of Appeals. Therefore, I will deny the motion without prejudice to Mr. Pierce's moving in the United States Court of Appeals for the Third Circuit for an Order authorizing the District Court to consider his second or successive petition under 28 U.S.C. § 2254.

In the alternative, even if I had jurisdiction to review this motion on its merits, it would still fail. Mr. Pierce claims that, although he pleaded guilty, he is actually innocent of the murder of the bar patron. Citing the decision of the United States Supreme Court in McQuiggin v. Perkins, 569 U.S. 383 (2013), Mr. Pierce insists that his petition for *habeas corpus* should have been heard on the merits. In McQuiggin, the United States Supreme Court held that in rare cases, federal *habeas* petitioners can overcome a procedural bar or untimeliness under the statute of limitations by making a convincing showing of "actual innocence." McQuiggin, 569 U.S. at 386. As an example, in McQuiggin, the petitioner offered new evidence first available years after he was convicted that someone else had carried out the murder for which he was sentenced to life in prison. The Supreme Court sided with the petitioner, but cautioned that the "miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have

convicted [the petitioner].'" Id. at 394-395 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The Third Circuit recently clarified that while "a change in controlling precedent, even standing alone, might give reason for 60(b)(6) relief," as a practical matter "intervening changes in the law rarely justify relief from final judgments under 60(b)(6)." Cox v. Horn, 757 F.3d 113, 121 (3d Cir. 2014). But even assuming *arguendo* that the change in precedent of McQuiggin represents sufficiently extraordinary circumstances to trigger Rule 60(b)(6) relief in the abstract, Mr. Pierce fails to show that McQuiggin has any bearing on his case in particular. Indeed, besides a bald assertion, Mr. Pierce submits no "new evidence" whatsoever to establish his actual innocence, let alone evidence so convincing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 569 U.S. at 399 (quoting Schlup, 513 U.S. at 327). All of the evidence he submits to support his assertion that the decedent was not shot at the bar, but instead was the victim of a separate and unrelated crime, was available and thoroughly reviewed before his guilty plea and sentencing. Thus, the McQuiggin decision can provide Mr. Pierce no relief.

Nevertheless, Mr. Pierce's motion must consequently fail for an additional reason. It is time-barred by the very terms of Rule 60. Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). The Third Circuit interpreted that standard in Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342 (3d Cir. 1987), concluding there that the movant's Rule 60(b)(6) motion was untimely as it was filed two years after the judgment that provided "the reason for the attack." Id. at

8

1348; accord Gordon v. Monoson, 239 F.App'x 710, 713 (3d Cir. 2007) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner"). The judgment denying his petition for *habeas corpus* was filed on November 13, 2015. Mr. Pierce has not pointed to any "extraordinary circumstances" which could have excused his delay in filing this motion within a reasonable time. Thus, Mr. Pierce's motion is untimely under Rule 60(c)(1).

In conclusion, Mr. Pierce has filed a motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. This motion is actually a successive *habeas* petition, which may not be filed absent the approval of the Court of Appeals. Therefore, I will deny the motion without prejudice to Mr. Pierce's moving in the United States Court of Appeals for the Third Circuit for an Order authorizing the District Court to consider his second or successive petition under 28 U.S.C. § 2254.

An appropriate Order follows.